IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG O'CONNOR,  :<br>    Plaintiff,  : <br> : <br> v.  : <br> : <br>MARY MACDOUGALL REIFF, *et al*.  : <br>    Defendants.  : | CIVIL ACTION NO. 23-CV-2218 |

## MEMORANDUM

**McHUGH, J.**                                                                 **FEBRUARY 8, 2024**

*Pro Se* Plaintiff Craig O'Connor, who is awaiting trial in Bucks County, asserts claims pursuant to 42 U.S.C. § 1983, based on his arrest and related criminal charges. The Court dismissed O'Connor's original Complaint in part with prejudice and in part without prejudice and granted him leave to file an amended complaint. *See O'Connor v. Reiff*, No. 23-2218, 2023 WL 5002859, at *4 (E.D. Pa. Aug. 4, 2023). Mr. O'Connor has returned with an Amended Complaint. For the following reasons, the Court will dismiss O'Connor's Amended Complaint without prejudice and permit him one more opportunity to amend his claims.

**I.        FACTUAL ALLEGATIONS**

In his initial Complaint, Mr. O'Connor brought claims against three Bristol Township Police Officers involved in his May 31, 2021 arrest: (1) Mary MacDougall Reiff; (2) Timothy MacDonald; and (3) Eugene Zurybida. (Compl. at 2-3.)[1] *See O'Connor*, 2023 WL 5002859, at *1. O'Connor alleged that he was arrested after breaking into his estranged wife's apartment. *Id*. at 1. O'Connor further alleged that his arrest and subsequent prosecution was based on lies and fabrications in the police incident report, which both contradicted his wife's statement to

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

police and contradicted evidence obtained from a body camera worn by one of the officers. *Id*. Based on these allegations, Mr. O'Connor asserted Fourth and Fifth Amendment claims under § 1983.[2]

In the August 4 Memorandum and Order, the Court granted O'Connor leave to proceed *in forma pauperis* and dismissed his Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See O'Connor*, 2023 WL 5002859, at *3-4. The Court dismissed with prejudice O'Connor's Fifth Amendment claims based on Officer MacDonald's alleged failure to provide *Miranda* warnings[3] during the arrest because "*Miranda* violations do not provide a basis for a claim under § 1983." *Id*. at 4 (quoting *Vega v. Tekoh*, 597 U.S. 134, 141, (2022)). The Court also dismissed O'Connor's Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution, noting that O'Connor merely alleged that Defendants fabricated the police report but failed to provide sufficient facts concerning the police officers' alleged lack of probable cause to arrest him or to initiate charges against him. *Id*. at 3.

Having dismissed O'Connor's Fourth Amendment claims without prejudice, the Court permitted Mr. O'Connor the opportunity of file an amended complaint. The Court specifically advised that "the amended complaint . . . shall state the basis for O'Connor's claims against each defendant," and that it "shall be a complete document that does not rely on the initial Complaint

---

[2] A review of the public record reveals that O'Connor was charged with (1) "Burglary – Overnight Accommodations; Person Present; Bodily Injury Crime"; (2) criminal trespass; (3) stalking; and (4) criminal mischief. *Commonwealth v. O'Connor*, CP-09-CR-0005057-2021 (C.P. Bucks). Trial is scheduled for April 8, 2024. *Id*.

[3] In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that when engaging in a custodial interrogation, police officers must inform a suspect that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning, if he so desires." *Id*. at 479.

or other papers filed in this case to state a claim." (*See* ECF No. 8.) O'Connor returned with this Amended Complaint, which consists of: (1) the Court's standard form complaint for civil rights cases, only partially completed by O'Connor; and (2) a copy of the Bristol Township Police Incident Report containing O'Connor's handwritten notations. (Am. Compl.)

The facts contained in the Amended Complaint are sparse. Mr. O'Connor names the same three Bristol Township Police Officers that he named in the original Complaint and alleges claims for "falsifying police report - false imprisonment," and "mental anguish – slander." (*Id*. at 3-4.) He alleges that the events giving rise to his claim arose at the same Bristol apartment on May 31, 2021. (*Id*. at 5.) However, O'Connor left blank those sections of the form complaint where he was required to state the facts underlying his claims and the injuries he allegedly suffered. (*Id*. at 6.) In addition, O'Connor underlined portions of the Incident Report that he contends were "not on body cam" footage. (*Id*. at 13, 15.) He also handwrote on the back of the Incident Report the allegedly "false statements" contained within the report. (*Id*. at 13, 14.) For relief, O'Connor seeks money damages. (*Id*. at 6.)

## II.  STANDARD OF REVIEW

As O'Connor is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all

reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As O'Connor is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

It appears from the Amended Complaint that O'Connor wishes to proceed with his Fourth Amendment claims against Defendants Reiff, MacDonald, and Zurybida.[4] However, based on the dearth of allegations in his Amended Complaint – none of which describe the underlying arrest on which he bases his claims – it also appears that O'Connor mistakenly believed that the allegations from his original Complaint carried over and supplemented his Amended Complaint. They do not. Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the

---

[4] In drafting his Amended Complaint, O'Connor checked the boxes on the form he used indicating that he seeks to name the Defendants in their official and individual capacities. (Compl. at 2-3.) As the Court already explained in its August 4 Memorandum, claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Despite checking the official capacity claim boxes on the form, O'Connor does not allege any official capacity claims against the Defendants. *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation).

Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). That is why the Court advised Mr. O'Connor that any amended complaint must be a complete document and that he could not rely on documents he previously filed. (*See* ECF No. 8.)

Based on these principles, the Court is not authorized to permit piecemeal amendment or gradual supplementation of the Complaint, which O'Connor appears to attempt with his Amended Complaint. Rather, a plaintiff proceeding in federal court must present *all allegations* in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court. Moreover, to the extent that O'Connor intended to use the Incident Report in place of alleging facts to support his claims, he is unable to do so. A plaintiff may not state a claim by relying solely on exhibits. *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2

(D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

Because of the manner in which Mr. O'Connor presents his claims, the Court lacks a clear operative pleading to screen. Even if O'Connor had intended the Amended Complaint to serve as a single operative pleading, it nevertheless fails to state a plausible Fourth Amendment claim. As he did in his original Complaint, in his Amended Complaint O'Connor fails to allege sufficient facts to support an inference that the Defendants lacked probable cause to arrest him.[5] Therefore, to conduct a screening of O'Connor's claims and streamline this case going forward, the Court will give O'Connor one more opportunity to file a single, comprehensive, second amended complaint in which he may bring all of his allegations and claims together in one pleading. In short, Mr. O'Connor must present in narrative form the "who, what, where, and how" of the incident, and state why he believes the Defendants violated his constitutional rights. *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss O'Connor's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The

---

[5] To state a claim for false arrest or false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Court will grant O'Connor leave to file a second amended complaint in the event he can address the defects the Court has noted as to his Fourth Amendment claims. An appropriate Order follows, which provides further instruction as to amendment.

                                      **BY THE COURT:**

                                      /s/ Gerald Austin McHugh
                                    **GERALD A. McHUGH, J.**